**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUSTEES OF THE MICHIGAN REGIONAL
COUNCIL OF CARPENTERS EMPLOYEE
BENEFITS FUND, et al.,

      Plaintiffs,

                                        Case No.04-CV-73077-DT

v.

                                        HONORABLE DENISE PAGE HOOD

SPEEDY KING FLOORING, JEFFREY
HASSELL AND LISA HASSELL,

      Defendants.
_____/

**ORDER FINDING LISA HASSELL IN CONTEMPT**

**I.    BACKGROUND**

On December 30, 2004, a Default Judgment was entered against Defendants Speedy King Flooring and Lisa Hassell. On April 13, 2005, Plaintiffs filed a Motion for an Order to Show Cause why Defendants should not be held in contempt for violating the Default Judgment. The matter was referred to the Magistrate Judge and a hearing was held on the matter on May 3, 2005 before the Magistrate Judge. The Magistrate Judge entered an Order to Show Cause on May 4, 2005 why Lisa Hassell should not be held in contempt for failure to comply with the Default Judgment entered against her on December 30, 2004. The Magistrate Judge noted that Defendant's failure to appear on May 19, 2005 before the Magistrate Judge would result in the issuance of an arrest warrant. On May 25, 2005, the Magistrate Judge issued a Certification of Facts indicating Lisa Hassell failed to appear on May 19, 2005 before the Magistrate Judge. The Magistrate Judge ordered Lisa Hassell to appear before this Court on June 21, 2005, 2:00 p.m. to show cause why she should not be held in civil contempt by the District Judge for failure to comply with the Default Judgment and the

Magistrate Judge's Orders to Appear.

The Magistrate Judge does not have the authority to hold a party in direct contempt in this instance under 28 U.S.C. § 636(e)(2)-(4). The Magistrate Judge, by certifying the facts, may order the person to appear before the District Judge to show cause why the party should not be held in contempt. 28 U.S.C. § 636(e)(6)(B). The Magistrate Judge issued his Certification on May 25, 2005 and ordered Lisa Hassell to appear before this Court on June 21, 2005, 2:00 p.m.

## II.     ANALYSIS

There are two types of contempt: criminal and civil. The real distinction between criminal and civil contempt is the nature of the relief sought and the purpose of that relief. *Penfield Co. v. SEC,* 330 U.S. 585 (1947). A contempt proceeding is civil if the purpose is "remedial" and intended to coerce the person into doing what he is supposed to do. *Shillitani v. U.S.*, 384 U.S. 364 (1966). Civil contempt is to coerce future compliance with the order and to compensate the opposing party for the party's violation of an order. *United States v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991). Remedial or compensatory action are essentially backward looking, seeking to compensate the complainant through payment of money for damages caused by past acts of disobedience. *Garrison v. Cassens Transport Co.,* 334 F.3d 528, 543 (6th Cir. 2003)(quoting *Latrobe Steel Co. v. United Steelworkers,* 545 F.2d 1336, 1344 (3d Cir. 1976)). Wilfulness is not a necessary element of civil contempt. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1948); *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983). The burden of proof in a civil contempt proceeding is on the party seeking a contempt order but need not be beyond a reasonable doubt. *Int'l Union, United Mine Workers of America, v. Bagwell,* 512 U.S. 821, 827 (1994). Civil contempt sanctions, or those penalties designed to compel future compliance with a

court order, are coercive sanctions and avoidable through obedience. *Id.* at 827. Civil sanctions may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. *Id.*

The Magistrate Judge has found that Lisa Hassell failed to appear at the May 19, 2005 show cause hearing before the Magistrate Judge. The Magistrate Judge warned Lisa Hassell in a May 4, 2005 Order that her failure to appear on May 19, 2005 would result in the issuance of an arrest warrant. At the May 19, 2005 hearing, Lisa Hassell failed to appear before the Magistrate Judge. Plaintiffs' counsel indicated at the hearing that Lisa Hassell has failed to comply with the December 30, 2004 Default Judgment and has failed to produce the documents required under the Default Judgment. The Magistrate Judge certified the facts on May 25, 2005 and ordered Lisa Hassell to appear before this Court on June 21, 2005, 2:00 p.m.

Lisa Hassell failed to appear on June 21, 2005, 2:00 p.m.. The Court finds Lisa Hassell in contempt for violating the Default Judgment, for failing to appear before the Magistrate Judge on May 19, 2005, in violation of the Magistrate Judge's May 4, 2005 Order, for failing to appear before the Court on June 21, 2005, in violation of the Magistrate Judge's May 25, 2005 Certification and Order. An arrest warrant shall be issued as civil contempt until Lisa Hassell complies with the Default Judgment.

### III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that an arrest warrant be issued against Lisa Hassell.

                                /s/ DENISE PAGE HOOD
                                DENISE PAGE HOOD
DATED:  July 1, 2005            United States District Judge